WILLIAM B. BAKER and others *vs.* CHARLES ELLIOT.

Waldo.    Opinion May 9, 1882.

*Contracts.    Surety.    U. S. Mail.*

The plaintiffs entered into an agreement with F, for whom the defendant was surety, to carry the mail from A to B, and back, according to the provisions of a contract between said F and the United States, to carry the mail between said points, and save said F harmless therefrom.  By arrangement between the plaintiffs, communicated to F who made no objections, the route between A and B was divided between them — two of the plaintiffs agreeing to carry the mail a part of the distance, and two the residue of the route. *Held:*

1. That the surety was not thereby discharged.

2. That the contract having been performed, and the price agreed having been paid to F, that upon his decease an action was maintainable against the surety for the amount unpaid.

ON report, the court to draw inferences as a jury might, and render judgment according to the legal rights of the parties.

Debt on contract under seal.

The material facts are stated in the opinion.

*J. W. Knowlton*, for the plaintiffs, cited : Bouvier's Law Dict. "Suretyship," "Guaranty"; Story, Contr. § § 858, 861; *Hunt* v. *Adams*, 6 Mass. 519 ; *Cobb* v. *Little*, 2 Maine, 261 ; *Childs* v. *Wyman*, 44 Maine, 433 ; *Blanchard* v. *Wood*, 26 Maine, 358.

*Thompson and Dunton*, for the defendant.

When the new parol contract was made between these plaintiffs, and assented to by Fuller, by which the plaintiffs agreed that William B. Baker and D. F. Sanborn were to carry the mail from Augusta to Palermo, for four hundred and fifty dollars per year, and the other two plaintiffs from Palermo to Belfast, for eight hundred dollars per year, it rendered inoperative and void the written contract upon which the defendant was surety, and which was declared upon in the writ.

A contract in writing and under seal may be thus varied or waived altogether by a parol agreement. *Monroe* v. *Perkins*, 9 Pick. 298 ; *Bean* v. *Jay*, 23 Maine, 117 ; *Adams* v. *MacFar-*

*lane*, 65 Maine, 143 ; *Brinley* v. *Tibbetts*, 7 Maine, 71 ; *Gage* v. *Coombs*, 7 Maine, 394 ; *Medomak Bank* v. *Curtis*, 24 Maine, 36 ; *Wiggin* v. *Goodwin*, 63 Maine, 389 ; *Whitcher* v. *Hall*, 8 D. & R. 22 ; (5 B. & C. 269.)

This change of the contract upon which the defendant was surety without his knowledge or consent, discharged him. The plaintiffs must prove a literal performance on their part in order to hold the defendant as surety. *Witcher* v. *Hall, supra*; *Andrews* v. *Marrett*, 58 Maine, 539.

APPLETON, C. J. On the third of March, 1873, David Blinn Fuller, with the defendant as surety, entered into a contract with the government of the United States, to carry the mail from Augusta to Belfast and back, from July 1, 1873, to June 30, 1877, for thirteen hundred and forty-nine dollars, payable quarterly ; "said pay to be subject, however, to be reduced or discontinued by the postmaster general, as hereinafter stipulated, or to be suspended in case of delinquency."

On the ninth day of May, 1873, these plaintiffs entered into a contract with Fuller, and the defendant as his surety, to transfer the mail on route, number seventeen, from Augusta to Belfast, from July 1, 1873, to June 30, 1877, six times a week, as provided in the contract of Fuller with the government, for the sum of twelve hundred dollars a year, payable quarterly, as the payments were to be made to Fuller.

The evidence shows the contract to have been performed. Indeed, it is not pretended, that the compensation was reduced or suspended by reason of any delinquency or failure in its performance.

The contract having been performed, it is not denied that that payment has been made. Fuller having deceased, the testimony of his son, who was his administrator, having been taken, he in no way denies the receiving of the money due on the contract of the father, or its full performance.

Shortly after the making of the contract in suit, D. W. Baker and Knowlton made an arrangement with the other two co-plaintiffs to divide the route between them. They were to carry the mail from Branch Mills, Palermo, to Belfast, and Sanborn and W. B.

Baker were to carry the mail from Branch Mills to Augusta. The parties arranged as to the division of joint compensation between themselves. This was communicated to Fuller, who made no objections. Sanborn and W. B. Baker have been paid for the amount they were to have for their part of the line. This suit is brought for the benefit of Baker (D. W.) and Knowlton, who claim that one hundred and twenty-three dollars and seventy-five cents remain unpaid, for which this suit is brought.

The original contract between the parties is in force. It has neither been annulled nor rescinded.

The defence rests upon the ground that this arrangement between the plaintiffs as to the carrying of the mail, and assented to by Fuller, was an alteration of the contract, by which the defendant, who is a surety, is released. We think not. The contract of the plaintiffs with Fuller and the surety was joint. They were jointly bound in case of its non-performance. It was immaterial to Fuller whether all or part only took an active part in it, provided its terms were fully complied with. He had no control over their action. He could not determine the several parts of each in its performance. If unperformed or negligently performed, his claim was against all. The notice given to him was a mere matter of courtesy. The plaintiffs might have changed or modified it the next hour, and Fuller would have had no ground of complaint. His complaint could only arise when the contract was unperformed. It was nothing to him by whom performed. It is equally obvious that this was a matter in no way affecting the liability of the surety.

The defendant says the amount due has been fully paid. It is conceded that Sanborn and William B. Baker have been fully paid their share for the labor done by them in accordance with the agreement between them and their associates. But the plaintiff Knowlton testifies that there is a portion of the pay for services rendered, to wit: one hundred and twenty-three dollars and seventy-five cents, which is still due. The testimony of the administrator, Fuller, is indefinite. He produces no receipts. He knew of the division as to labor and as to compensation between the plaintiffs. He does not state to whom nor when the pay-.

ments were made. When he might have removed so easily all doubt on the subject, particularly after the prolonged litigation in relation to the amount in question, and has failed to do so, we think payment is not satisfactorily established. The contract having been performed and payment not shown, the plaintiffs are entitled to recover.

The contract of Fuller with the government was excluded at the defendant's instance. The copy is under the seal of the department, and attested by the acting postmaster general. It was therefore properly admissible. But whether in or out, the contract between the parties is clear and explicit, and whether that be regarded as part of the case or not, no failure or neglect of duty is shown.

The principal in the contract having died, the plaintiffs were under no legal obligation to proceed against him, or his administrator. The surety was liable for the performance of the contract, and the action is well brought against him.

*Judgment for plaintiffs for $123.75*
*and interest.*

BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.